17-cv-2705

JS 44 (Rev 06 MSG

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dionna Harrell | Rite Aid Corporation   17   2705 |

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan D. Clemente, Esq., Clemente Mueller, P.A.
BNY Mellon Center, 1735 Market Street, Suite 3750,
Philadelphia, PA 19103    (973) 455-8008

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                   Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane   ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability   Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel & Slander   Pharmaceutical Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'   Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 340 Marine | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 345 Marine Product Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 350 Motor Vehicle   ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle Product Liability   ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923)   ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal Injury   ❏ 380 Other Personal Property Damage | | ❏ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice   ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act   ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts   ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights   **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting   ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment   ❏ 510 Motions to Vacate Sentence | | | Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations   ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment   ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other   **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education   ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 550 Civil Rights | | | |
| | ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ❏ 2 Removed from State Court   ❏ 3 Remanded from Appellate Court   ❏ 4 Reinstated or Reopened   ❏ 5 Transferred from Another District *(specify)*   ❏ 6 Multidistrict Litigation - Transfer   ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227
Brief description of cause:
Violation of the Telephone Consumer Protection Act

**VII. REQUESTED IN COMPLAINT:**
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*   JUDGE   DOCKET NUMBER

DATE   06/15/2017   SIGNATURE OF ATTORNEY OF RECORD   JUN 15 2017

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

S.T.

MSG

2705

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1064 Williams Way, Coatesville, PA 19320

Address of Defendant: 30 Hunter Lane, Camp Hill, Pennsylvania 17011

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐ No☒

Does this case involve multidistrict litigation possibilities?      Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 47 U S C § 227 et. seq. ("TCPA")

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____  _____ Attorney-at-Law   40053 Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/17  _____ Attorney-at-Law   40053 Attorney I.D.#

CIV. 609 (5/2012)

JUN 15 2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** 17    2705

## CASE MANAGEMENT TRACK DESIGNATION FORM

**MSG**

| | | |
|---|---|---|
| Dionna Harrell, Plaintiff | : | CIVIL ACTION |
| v. | : | |
| Rite Aid Corporation, Defendant | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court.  (See reverse side of this form for a detailed explanation of special
 management cases.)                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( x )

| | | |
|---|---|---|
| 6/13/17 | Jonathan D. Clemente, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 973-455-8008 | 973-455-8118 | jclemente@cm-legal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 15 2017



**CLEMENTE MUELLER**

New Jersey | New York
**ATTORNEYS AT LAW**
A PROFESSIONAL CORPORATION
WWW.CM-LEGAL.COM

POST OFFICE BOX 1296
MORRISTOWN, NEW JERSEY 07962-1296

TEL: 973.455.8008
FAX: 973.455.8118

MESSENGER/EXPRESS DELIVERIES:
222 RIDGEDALE AVENUE
2ND FLOOR
CEDAR KNOLLS, NEW JERSEY 07927

NEW YORK OFFICE
43 WEST 43RD STREET
SUITE 156
NEW YORK, NY 10036-7424
TEL: 212.425.5005

PENNSYLVANIA OFFICE
BNY MELLON CENTER
1735 MARKET STREET
SUITE 3750
PHILADELPHIA, PA 19103
TEL: 215.568.2130

**Jonathan D. Clemente, Member**
NJ, NY, PA & DC Bars
jclemente@cm-legal.com

June 14, 2017

**17   2705**

**VIA FEDEX**
Clerk, United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

**RE:    DIONNA HARRELL v. RITE AID CORPORATION / CIVIL COMPLAINT**

Dear Sir/Madam:

This office represents the above-referenced Plaintiff, Dionna Harrell, and is filing an action against Rite Aid Corporation by way of a Civil Complaint.

Enclosed please find the following:
1) Civil Cover sheet
2) Civil Complaint
3) CD-ROM with the Civil Complaint in PDF format
4) Case Management Track Designation Form
5) Designation Form (2 copies)
6) Proposed Summons
7) Check in the amount of $400.00 as payment of the $350.00 filing fee and the $50.00 administrative fee

If any further information is required, do not hesitate to contact my office.

Respectfully submitted,

**CLEMENTE MUELLER, P.A.**

Jonathan D. Clemente

JDC/mh
Enclosures
cc:    Client

$400



**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**



-------------------------------------------------X

DIONNA HARRELL,

               Plaintiff,            Civil Action No.:    **17    2705**

    v.                          **COMPLAINT**

RITE AID CORPORATION,              **FILED**

               Defendant.               JUN 15 2017

-------------------------------------------------X        KATE BARKMAN, Clerk
                                   By_____Dep. Clerk

COMES NOW Plaintiff, DIONNA HARRELL, by and through the undersigned

counsel, and sues Defendant, RITE AID CORPORATION, and in support thereof

respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C.

§227 *et seq.* ("TCPA").

## INTRODUCTION

    1.    The TCPA was enacted to prevent companies like RITE AID

CORPORATION, N.A., from invading American citizen's privacy and to prevent

abusive "robo-calls."

    2.    "The TCPA is designed to protect individual consumers from receiving

intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740

(2012).

    3.    "No one can deny the legitimacy of the state's goal: Preventing the phone

(at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses

some of the phone owner's time and mental energy, both of which are precious.  Most

1

members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

### JURISDICTION AND VENUE

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

2

7.      This Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, or emanated from this district.

8.      Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

9.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

10.     The alleged violations described herein occurred in Chester County, Pennsylvania. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## **PARTIES**

11.     Plaintiff is a natural person, and citizen of the State of Pennsylvania, residing in Coatesville, Chester County, Pennsylvania.

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant is a corporation which was formed in Delaware with its principal place of business located at 30 Hunter Lane, Camp Hill, PA 17011.

14.     Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## FACTUAL ALLEGATIONS

15.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (484) *** - 9896, and was the called party and recipient of Defendant's hereinafter described calls.

16.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (484) *** - 9896.

17.     On several occasions over the last four (4) years Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

18.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number: (800)

748-3243, and when that number is called, a pre-recorded message answers "Thanks for calling Rite Aid Pharmacy. Para continuar en Español, marque dos...."

19.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, and because when she answered a call from the Defendant she would hear a pre-recorded message stating "your prescription is ready."

20.     Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21.     Plaintiff does not currently have any account or business relationship with Defendant.

22.     In or about September of 2016, Plaintiff returned a call from Defendant, met with an automated message, held the line, was eventually connected to a live representative, and informed an agent/representative of Defendant that she was not nor did she know "Rosetta," the individual for whom they were calling, that she did not have an account with them, and demanded that they cease calling her aforementioned cellular telephone number.

23.     During the aforementioned September of 2016 phone call with Defendant, Plaintiff unequivocally revoked any express consent Defendant may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

24.     Each and every subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

25.     Each and every subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

26.     Additionally, in or about November of 2016, due to continued automated calls to her aforementioned cellular telephone number from the Defendant, Plaintiff again returned a call from Defendant, met with an automated message, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that she had previously informed them not to call her cellular phone, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

27.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff informing Defendant that she was not the individual for whom they were calling.

28.     Again, in or about December of 2016, Plaintiff contacted the Defendant, met with an automated message, held the line, was eventually connected to a live

6

35.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

36.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

37.     Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

38.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called

39.     Not a single call placed by Defendant to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

40.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

41.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

42.     From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

43.     From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time.

8

Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

44.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

45.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

46.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

54.     Because Defendant had knowledge that Plaintiff did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

55.     Plaintiff is also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

## JURY DEMAND

56.     Plaintiff demands a jury trial on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. An award of actual and statutory damages for each and every negligent violation to Plaintiff pursuant to 47 U.S.C. §227(b)(3)(B);

b. An award of actual and statutory damages for each and every knowing and/or willful violation to Plaintiff pursuant to 47 U.S.C. §227(b)(3)(C);

c. Injunctive relief prohibiting Defendant's conduct complained of herein pursuant to 47 U.S.C. §227(b)(3)(A);

d. Pre-judgment and post-judgment interest on monetary relief;

e. All other and further relief as the Court deems necessary, just, and proper.


Dated: June 13, 2017

Respectfully submitted,

/s/Jonathan D. Clemente
Jonathan D. Clemente, Esquire
Pennsylvania Bar No.: 40053
Clemente Mueller P.A

11

BNY Mellon Center
1735 Market Street
Suite 3750
Philadelphia, PA 19103
Telephone: (973) 455-8008
Primary Email: jclemente@cm-legal.com
*Local Counsel for Plaintiff*

s/*Octavio Gomez*

Octavio Gomez, Esquire
*Application for Pro Hac Vice Pending*
Florida Bar No. 338620
MORGAN & MORGAN, TAMPA, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Primary Email: TGomez@ForThePeople.com
Secondary Email: JPlaceres@ForThePeople.com

**ATTORNEYS FOR PLAINTIFF**

12